IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KRISTI OILER,                                 :

            Plaintiff,              :   Case No. 3:10CV348

     vs.                            :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

            Defendant.              :

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #12) SUSTAINED IN THEIR ENTIRETY; JUDGMENT TO BE
ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT
COMMISSIONER, VACATING COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE
CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT
TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER
ADMINISTRATIVE PROCEEDINGS SET FORTH HEREIN; TERMINATION
ENTRY

        Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On June 20, 2011, the United States Magistrate Judge

filed a Report and Recommendations (Doc. #11), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be affirmed.  Based upon a thorough de

novo review of this Court's file, including the decision of the Administrative Law

Judge, Tr. at 17-35, read in conjunction with the entirety of the Administrative

Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the

applicable law, this Court rejects the aforesaid Report and Recommendations in their

entirety and, in so doing, orders the entry of judgment in favor of Plaintiff and

against Defendant Commissioner, vacating the Commissioner's decision that Plaintiff

was not disabled and, therefore, not entitled to benefits under the Social Security

Act, and remanding the captioned cause to the Defendant Commissioner, pursuant

to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings.  In

ordering the aforesaid judgment, this Court concludes that the Commissioner's

decision that Plaintiff was not disabled and, therefore, not entitled to benefits under

the Social Security At was not supported by substantial evidence.  The Plaintiff's

Objections to said judicial filing (Doc. #12) are sustained, each and every objection,

in their entirety.

In reviewing the Commissioner's decision, the Magistrate's task is to

determine if that decision is supported by "substantial evidence."  42 U.S.C.

§ 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made

to the Magistrate Judge's Report and Recommendations, is required to make a de

novo review of those recommendations of the report to which objection is made.

This de novo review, in turn, requires this Court to re-examine all the relevant

evidence, previously reviewed by the Magistrate, to determine whether the findings

-2-

of the Secretary [now Commissioner] are supported by "substantial evidence."

Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

-4-

1.    While this Court deems each and every one of the Plaintiff's Objections to be well taken, two, in particular, stand out, to wit:

a.    The Administrative Law Judge justified his decision to reject the opinion of treating pain management specialist, Dr. Rorrer, on the basis that said medical professional did not support his opinion with objective medical evidence or clinical findings.  Yet, the Administrative Law Judge recognized, as a severe impairment, Plaintiff's "possible fibromyalgia."  Dr. Rorrer noted Plaintiff had fourteen of eighteen fibromyalgia syndrome tender points and that she met the American Rheumatological Clinical Testing Criteria for fibromyalgia.  It is axiomatic that fibromyalgia is not the type of underlying condition that sends out a plethora of clinical, objective findings.

b.    The Medical Advisor explicitly and expressly stated that she was not considering the combined impact of Plaintiff's mental and physical problems, nor could she consider the side effects of pain medications.  Tr. at 649-50.  Yet, the Magistrate Judge excused this deficiency on the part of the Medical Advisor, in spite of the fact that, while depression does not cause pain, same certainly can aggravate symptomology, by stating that "[a] review of Judge Padilla's opinion reveals that he consistently referred to Plaintiff's impairments in the plural," or specifically referred to Plaintiff's impairments "in combination" in finding that Plaintiff does not meet or equal the Listings.  R & R at 17.  This Court, based on thirty-one plus years in reviewing social security disability cases, is compelled to conclude that the very first

thing an Administrative Law Judge in training learns, during new hearing officer's orientation, is that as long as he or she repeats the talismanic word or phrase, "impairments" in the plural or "combination of impairments," then his or her resultant opinion is "home free" or "bullet proof" on appeal.  While such might support the inference that the Administrative Law Judge considered the entirety of the record, same, standing alone, does not carry the day and is absolutely no substitute for a <u>reasoned</u> <u>analysis</u> of a claimant's physical and mental problems, in combination, in arriving at a determination of disability and, therefore, entitlement to benefits.

      2.     At the time of the review by the Commissioner's "reviewing physicians of record," Dr. Rorrer had not offered his opinion and, further, much of the evidence of record came after the state agency's review of the record.

      3.     In this matter, remand for further administrative proceedings due to analytical errors by the Administrative Law Judge, is proper, given that proof of disability is not overwhelming or, in the alternative, proof of disability strong and evidence to the contrary lacking.  <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

      WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not

disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #12) are sustained in their entirety.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings including, but not limited to: evaluating the treating pain medicine specialist's opinion of disability in the light of the Plaintiff's fibromyalgia; considering, weighing and evaluating the combined impact of Plaintiff's physical and mental impairments; and to take all steps necessary, including the taking of additional medical and vocational evidence, to determine whether Plaintiff was under a disability and, therefore, entitled to benefits under the Social Security Act on or before June 30, 2009.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 30, 2011

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

-7-

Copies to:

Counsel of record