IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KRISTI OILER, :

                Plaintiff,

  -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
                Defendant. :

Case No. 3:10-cv-348

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act. (Doc. 15). The parties have fully briefed the issues, (*Id.*, Doc. 16, 17), and the matter is ripe for Report and Recommendations.

Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $3,092.58. (Doc. 15). In support of the Motion, Plaintiff's counsel has provided an itemization of time which reveals that counsel spent 18 hours representing her client in this matter. PageID 135. Plaintiff does not seek an award for costs and expenses. *Id.* The Commissioner opposes Plaintiff's Motion arguing that his position was "substantially justified" for purposes of the EAJA. (Doc. 16). The Commissioner also argues that the number of hours for which Plaintiff seeks fees is excessive and that Plaintiff should not be compensated for clerical or secretarial time. *Id.*

An award of fees may be made under the EAJA in a social security disability action

such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990). EAJA fees are payable to the litigant. *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010).

A review of the procedural history of this matter is appropriate. Plaintiff filed her Complaint in this matter on September 13, 2010, seeking judicial review of the Commissioner's decision denying her application for Social Security Disability (SSD). (Doc. 1). On June 20, 2011, I issued a Report and Recommendations recommending that the Commissioner's decision be affirmed. (Doc. 11). Plaintiff filed Objections to my Report in July 8, 2011, (Doc. 12), and the Commissioner failed to respond to those Objections. On September 30, 2011, District Judge Walter Herbert Rice rejected my Report in its entirety and remanded the case to the Commissioner for further administrative proceedings. (Doc. 13). On that same date, the Clerk entered judgment accordingly. (Doc. 14). This Motion followed.

As noted above, the Commissioner has opposed Plaintiff's Motion arguing that his position was "substantially justified" and therefore Plaintiff is not entitled to an award of EAJA fees. The Commissioner also argues that Plaintiff's requested fee is excessive. However, there is no dispute that for purposes of the EAJA, Plaintiff is a prevailing party and that she timely filed her present Motion.

The Court first turns to the question of whether, in the underlying litigation, the Commissioner's position was "substantially justified".

The proper test for determining whether the government's position was substantially justified is whether the "position was justified, both in fact and in law to a degree that would satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *Jankovich,* 868 F.2d at 869. That the Commissioner did not ultimately prevail in the litigation does not establish that the Commissioner's position was not substantially justified. *Pierce, supra.* The fact that the Commissioner's decision was not supported by "substantial evidence" does not require automatically that the court find that for purposes of an EAJA application the Commissioner's position was not "substantially justified". *Meyers v. Heckler,* 625 F.Supp. 228, 232 (S.D. Ohio 1985)(citation omitted). In other words,, "[t]he fact that this [C]ourt finds a decision of the [Commissioner] not supported by substantial evidence is not equivalent to a finding that the position of the [Agency] was not substantially justified. *Couch v. Sec'y of Health & Human Services,* 749 F.2d 359-60 (6th Cir. 1984).

The Commissioner essentially argues in opposition to Plaintiff's current Motion that his position was substantially justified because he had an adequate basis for rejecting Plaintiff's treating physician Dr. Rorrer's opinion and because he properly considered Plaintiff's impairments

3

in combination.  PageID 141-43.  The Commissioner primarily relies on the findings and conclusions in the June 20, 2011, Report.  *Id.*

As noted above, the Commissioner did not file any response to Plaintiff's Objections to that Report, Judge Rice rejected the Report in its entirety, reversed the Commissioner's decision, and remanded the matter for further administrative proceedings.  PageID 125-26.

In rejecting the Report, Judge Rice determined, first, that the Commissioner erred by rejecting Dr. Rorrer's opinion.  PageID 124.  Judge Rice essentially noted that Administrative Law Judge Melvin Padilla had rejected Dr. Rorrer's opinion on the basis that it was not supported by objective medical evidence.  *Id.*  Judge Rice also noted that Judge Padilla recognized that Plaintiff had the severe impairment of "possible fibromyalgia," but that fibromyalgia is an impairment that "is not the type of underlying condition that sends out a plethora of clinical, objective findings." *Id.*  Judge Rice noted further that at the time the reviewing physicians of record had offered their opinions, Dr. Rorrer had not yet offered his opinion and that much of the evidence of record cane after the review of the record.  PageID 125.

Judge Rice also rejected Judge Padilla's evaluation of Plaintiff's impairments in combination noting that the "medical advisor explicitly and expressly stated that she was not considering the combined impact of Plaintiff's mental and physical problems, nor could she consider the side effects of pain medications." PageID 124.  Judge Rice determined further that:

> This Court, based on thirty-one plus years in reviewing social security disability cases, is compelled to conclude that the very first thing and Administrative Law Judge in training learns, during new hearing officer's orientation, is that as long as he or she repeats the talismanic word or phrase, "impairments" in the plural or "combination of impairments," then his or her resultant opinion is "home free" or "bullet proof" on appeal. While such might support the inference that the Administrative Law Judge considered the

>entirety of the record, same, standing alone, does not carry the day and is absolutely no substitute for a <u>reasoned</u> <u>analysis</u> of a claimant's physical and mental problems, in combination, in arriving at the determination of disability and, therefore, entitlement to benefits.

PageID 125 (emphasis in original).  But see *Loy v. v. Secretary of Health and Human Services,* 901 F.2d 1306, 1310 (6th Cir. 1990).

In view of Judge Rice's complete rejection of the June 20, 2011, Report, the Commissioner's failure to respond to Plaintiff's Objections to that Report, Judge Rice's rejection of the Commissioner's rejection of treating physician Dr. Rorrer's opinion, his rejection of the Commissioner's consideration of Plaintiff's impairments in combination, and his analysis therefor, the Magistrate Judge concludes that for purposes of the EAJA, the Commissioner's position was not substantially justified.

The Court turns to the reasonableness of the requested fee.

The EAJA permits an award of reasonable attorney fees and expenses.  28 U.S.C. § 2412(d)(2)(A).  The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable.  *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).  The court should exclude time that is excessive, redundant, or inadequately documented.  *Id.* at 433-34. Time spent on secretarial or clerical tasks is not "reasonable" if such tasks are performed by an attorney.  *See Missouri v. Jenkins,* 429 U.S. 274, 288 n.10 (1989).  Fees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions of the government in the litigation.  *See Hyatt v. Barnhart,* 315 F.3d 239, 255 (4th Cir. 2002); *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 260 (N.D.Ohio 1995).

The Court has carefully reviewed counsel's affidavit and concludes that the number hours, 18 , is reasonable.  The Court specifically notes that Plaintiff has not requested compensation

for clerical time and that 10 hours of attorney time to review a transcript that contains over six hundred pages and prepare a twenty-page Statement of Issues is reasonable.

Accordingly, the Court turns to the amount of the requested fee.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in December, 2011, was 225.672. *See*, www.bls.gov/cpi. The common ratio of change, then, is 1.45 (225.672 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $181.25 ($125.00 x 1.45). As noted above, Plaintiff seeks an award of $3,092.58 for 18 attorney hours which counsel expended on

6

Plaintiff's behalf in this litigation. That fee represents a fee of $171.81 per hour, which is less than the allowable EAJA fee of $181.25 per hour. The Court concludes that under the facts of this case, an EAJA fee of $3,092.58 is appropriate[1].

There is a remaining issue that this Court must now address.

On October 10, 2010, Plaintiff executed a Statement by Claimant Regarding EAJA Fees in which Plaintiff "assign[ed] all rights to attorney fees obtained pursuant the Equal Access to Justice Act (EAJA) ] to [his attorney]...." PageID 136.

The Supreme Court held in *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010), that EAJA fees are payable to the litigant rather than the attorney. In *Bishop v. Astrue,* No. 3:08cv375, 2010 WL 4279185 (S.D. Ohio Sept. 29, 2010)(Ovington, M.J.), the Court addressed a motion for EAJA fees which involved a "Statement by Claimant Regarding EAJA Fees" in which the plaintiff has assigned his interest in any EAJA fees to his counsel. In addressing the assignment issue in light of *Ratliff,*, Magistrate Judge Ovington wrote:

> The EAJA instructs the courts to "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action brought ... against the United States." 28 U.S.C. § 2412(d)(1)(A).
>
> In a recent social security case involving the Commissioner's payment of attorney fees under the EAJA, the Supreme Court held: "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratliff v. Astrue*, ___ U.S. __, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010); see *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 447 (6th Cir.2009) (same).

---

[1] The Court notes that Plaintiff seeks an award of fees for work performed July, 2010, through December, 2011. The CPI All Items Index during that time ranged between 1.39 (November, 2010) and 1.46 (December, 2011). The average of the CPI All Items Index during the period for which Plaintiff seeks fees is 1.43. The Court notes that applying a 1.43 CPI All Items Index to the formula, EAJA the hourly rage would be $178.75, lower than the $171.81 per hour fee Plaintiff seeks.

The Government asks this Court to consider, under *Ratliff*, that the Court should not require payment of EAJA fees directly to Plaintiff's counsel since this "may circumvent the Debt Collection Improvement Act." (Doc. #17 at 118). The Government notes that if EAJA fees are awarded, it intends to "evaluate the propriety of directing payment to [Plaintiff's] attorney pursuant to an assignment...." Id. at 119.

Plaintiff argues, "in *Ratliff*, the Supreme Court did not reject the use of an assignment to permit payment of an EAJA award (minus any Federal debt owed) directly to Plaintiff's attorney." (Doc. # 18 at 122). Plaintiff thus seeks an Order directing the Commissioner to pay the EAJA award directly to her counsel of record. Id.

Although Plaintiff has assigned her EAJA award to her attorney (Doc. #18, Exhibit A), it is not known today whether she owes a debt to the United States. In *Ratliff*, the Supreme Court recognized that historically the Commissioner paid EAJA fees directly to a prevailing plaintiff's attorney. ___U.S. at ___, 130 S.Ct. at 2528-29. The Court further noted that, based on the record before it, "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." Id. at 2529 (internal quotation marks omitted).

Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, "in light of *Ratliff*, ... it [is] a better practice is to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the [G]overnment that may be satisfied, in whole or in part, from the EAJA awards." *Preston v. Astrue*, unpubl. op., 2010 WL 3522156 at *2 (M.D.Fla. Sept.8, 2010). The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it. *Id*. If no such unpaid debt exists, or if EAJA fees remain after a governmental offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment of EAJA fees to her attorney. *Cf. Ratliff*, ___ U.S. at ___, 130 S.Ct. at 2530 ("the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J., concurring).

Accordingly, in light of Plaintiff's assignment and the lack of information regarding whether she owes a debt to the United States, Plaintiff should be awarded attorney fees under the EAJA as a

8

> prevailing party, and no Order should issue regarding the direction such fees must be paid.

*Bishop,* 2010 WL 4279185 at *4-5.

Neither party filed Objections to the Report and District Judge Thomas Rose subsequently adopted Magistrate Judge Ovington's Report in its entirety. *Bishop v. Astrue,* No. 3:09cv00375, 2010 WL 4258861 (S.D. Ohio Oct. 21, 2010).

In addressing a motion for EAJA fees in *Simpson v. Commissioner,* No. 3:09cv143, 2010 WL 5088125 (S.D. Ohio, Nov. 17, 2010), in which the plaintiff had assigned to his counsel his (the plaintiff's) interest in EAJA fees, in its Report this Court noted that it was persuaded by Magistrate Judge Ovington's analysis. Relying on *Bishop*, this Court determined that *Ratliff,* was controlling. The Court recommended that in light of the facts that: (1) the plaintiff in *Simpson* had assigned to his counsel his interest in EAJA fees; and (2) that there was a lack of information regarding whether he owed a debt to the United States, the plaintiff should be awarded the EAJA fees as a prevailing party and that no Order issue regarding to whom such fees must be paid. *Id.* at *5. As with *Bishop,* neither party filed Objections to the Report in *Simpson* and District Judge Rose adopted my Report in its entirety. *Simpson v. Commissioner,* No. 3:09cv143, 2010 WL 5071783 (S.D. Ohio Dec. 7, 2010).

In view of *Bishop* and *Simpson,* this Court again concludes that *Ratliff* is controlling despite the assignment Plaintiff executed on October 10, 2010.

It is therefore recommended that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ..., (Doc. 15), be granted in the amount of $3,092.58. Consistent with *Ratliff, Bishop,* and *Simpson,* it is further recommended that in light of Plaintiff's assignment and the lack of information regarding whether she owes a debt to the United States, Plaintiff be awarded

the EAJA fees as a prevailing party, and no Order issue regarding the direction such fees must be paid.

January 31, 2012                                                    s/ **Michael R. Merz**
                                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).