IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KRISTI OILER,

  Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

  Defendant.

:
:
:
:
:

Case No. 3:10-cv-348

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #18); SUSTAINING IN PART AND
OVERRULING IN PART DEFENDANT'S OBJECTIONS THERETO (DOC.
#19); SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY FEES UNDER EQUAL ACCESS TO JUSTICE
ACT, 28 U.S.C. § 2412(d) (DOC. #15); PLAINTIFF TO BE AWARDED
$2,250.00 IN ATTORNEY FEES

---

Pursuant to 42 U.S.C. § 405(g), Plaintiff Kristi Oiler initiated this litigation, seeking judicial review of Defendant's decision to deny her application for Social Security disability benefits. This matter was referred to United States Magistrate Judge Michael Merz. On June 20, 2011, he filed his Report and Recommendations, Doc. #11, recommending that the Court affirm the denial of benefits. Plaintiff filed Objections. Doc. #12. On September 30, 2011, this Court sustained Plaintiff's Objections, rejected the Report and Recommendations and

remanded this matter to Defendant for further consideration, in accordance with sentence four of § 405(g). Doc. #13. Judgment was entered thereon. Doc. #14.

Thereafter, Plaintiff filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting an award of attorney's fees in the amount of $3,092.58. Doc. #15. Defendant opposed the request, Doc. #16, and the matter was again referred to Magistrate Judge Merz. On January 31, 2012, Magistrate Judge Merz filed a Report and Recommendations, recommending that the Court grant Plaintiff's motion for attorney fees in the amount of $3,092.58. Doc. #18. Defendant filed Objections, Doc. #19, and Plaintiff filed a Response, Doc. #20. The Court now rules on those Objections.

I. **Substantial Justification**

The EAJA provides, in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In *Delta Engineering v. United States*, 41 F.3d 259 (6th Cir. 1994), the Sixth Circuit discussed the requirements for an award:

> Under the EAJA, three criteria must be met before an award of attorneys' fees and costs is granted: (1) the fees must be incurred in a civil action brought against the government; (2) the party seeking fees must have been the prevailing party; and (3) the position of the government must not have been substantially justified.

*Id.* at 261 (emphasis in the original).

Here, the first two criteria are not in dispute. The question is whether Defendant's position was substantially justified. Defendant has the burden of proof on this issue. *E.W. Grabbel Sons, Inc. v. National Labor Relations Board*, 176 F.3d 875, 878 (6th Cir. 1999); *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997); *Harmon v. United States Through Farmers Home Admin.*, 101 F.3d 574, 586 (8th Cir. 1996). Whether Defendant's position is substantially justified is to be determined from the record before the court and that which was before the administrative agency. *See* 28 U.S.C. § 2412(d)(1)(B).

Defendant's position does not necessarily lack substantial justification merely because it is rejected during judicial review. *Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989). In *Pierce v. Underwood*, 487 U.S. 552 (1988), the Supreme Court explained that "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565 (internal quotation marks omitted). The *Pierce* Court further explained that the government's position would be "substantially justified" if it had a "reasonable basis in both law and fact." *Id.* (internal quotation marks omitted).

3

Magistrate Judge Merz recommended that the Court find that Defendant's position was not substantially justified. He noted that, in vacating the decision of the Administrative Law Judge ("ALJ"), this Court held that the ALJ provided no reasonable basis for rejecting the opinion of Plaintiff's treating pain management specialist. In addition, the Court held that, although the ALJ stated that he had considered the "combination of impairments," he did not conduct "a <u>reasoned analysis</u> of [Plaintiff's] physical and mental problems, in combination." PageID ##177-78 (citing PageID ##124-25) (emphasis in original).

Defendant notes, however, that the Magistrate Judge had taken an opposing view of the propriety of the ALJ's decision. Defendant argues that the June 20, 2011, Report and Recommendations were "grounded in well-established authority showing that a reasonable person could believe that the government's position was correct" concerning the evaluation of the medical evidence and the consideration of the combination of impairments. PageID ##185-86. Citing *Pierce*, 487 U.S. at 565, Defendant argued that the disagreement between the Magistrate Judge and the District Judge is the "hallmark of substantial justification" and shows that the ALJ's decision was justified to a degree that could satisfy a "reasonable" person. PageID #143.

The *Pierce* Court, however, noted that "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569. *See also Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (holding that, in determining whether the

4

Commissioner's position was substantially justified, the district court placed too much emphasis on the fact that "the ALJ's decision was adopted by the Magistrate Judge and affirmed by this court").

In this case, the Court finds that Defendant's position was not substantially justified. As previously noted, the ALJ erred in rejecting the opinion of Plaintiff's treating physician, and failed to conduct a reasoned analysis of Plaintiff's physical and mental problems, considered in combination. In view of these significant errors, Defendant's position cannot be said to have a reasonable basis in both law and fact. The Court therefore OVERRULES Defendant's Objection on this issue.

In recommending that the Court find that Defendant's position was not substantially justified, Magistrate Judge Merz also cited Defendant's failure to respond to Plaintiff's Objections to the June 20, 2011, Report and Recommendations. Defendant argues that his failure to file a response does not equate to a concession that his position was not substantially justified. He notes that the Report and Recommendations dealt with the question of whether the decision was supported by substantial evidence, whereas the question, with respect to attorney fees, is whether Defendant's position was substantially justified. These are two different standards. The Court SUSTAINS Defendant's Objection on this issue, and has not considered Defendant's failure to respond to Plaintiff's Objections.

5

## II. Amount of Attorney Fees

The Court's finding that Defendant's position was not substantially justified means that Plaintiff is entitled to attorney fees under the EAJA. Plaintiff's counsel spent 18 hours on this matter. Defendant does not object to Magistrate Judge Merz's finding that this was a reasonable amount of time.

Defendant does, however, object to the hourly rate of $171.81 sought by Plaintiff's counsel. Magistrate Judge Merz recommended that the Court approve the requested rate. The EAJA states that attorney's fees "shall be based upon prevailing market rates for the kind and quality of services furnished except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

In support of the fee request, Plaintiff's counsel submitted her time sheets, along with the United States Department of Labor's Consumer Price Index showing yearly cost-of-living increases from 1996, when the $125.00 statutory cap was set, through 2010. Applying the relevant ratio of 1.45 to that cap, Magistrate Judge Merz calculated a current allowable hourly rate of $181.25. Based on this calculation, he concluded that the requested hourly rate of $171.81 was reasonable, and that Plaintiff was therefore entitled to $3,092.58 in attorney's fees, the full amount requested. PageID ##179-80.

Defendant objects to this portion of the Report and Recommendations. He acknowledges that the court has discretion to award fees greater than the $125.00 per hour statutory rate. *Begley v. Secretary of Health and Human Servs.*, 966 F.2d 196, 198-99 (6th Cir. 1992). He notes, however, that Plaintiff has the burden of proving that a rate increase is justified, *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009), and argues that she has failed to satisfy her burden. The Court SUSTAINS Defendant's Objections on this issue.

In *Bryant*, the court noted that the plaintiff must produce evidence, in addition to the attorney's own affidavits, that the requested hourly rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The court in *Bryant* found that the plaintiff had failed to satisfy the burden of proof, having submitted "only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Id.* The court held that "[t]his is not enough." *Id.* See also *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (holding that there is no entitlement under the EAJA to an inflation adjustment; rather, "the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government").

In *Rogers v. Astrue*, No. 3:10-cv-4322575, 2012 WL 4322575, at *1 (S.D. Ohio Sept. 20, 2012), Magistrate Judge Ovington found that Plaintiff's counsel

7

had satisfied his burden of producing satisfactory evidence to justify an increased hourly rate by submitting: (1) his own affidavit; (2) affidavits of other attorneys who practice social security law in this geographic region; and (3) two recent studies of attorneys' hourly billing rates. *Compare Mitchell v. Astrue*, No. 3:09cv00276, 2012 WL 1854562, at *7 (S.D. Ohio May 21, 2012) and *Douglas v. Astrue*, 3:10-cv-188, 2012 WL 931100 (S.D. Ohio March 19, 2012) (limiting fees to statutory cap when counsel failed to present affidavit or other evidence justifying the requested rate).

In accordance with the Sixth Circuit's decision in *Bryant*, the Court finds that Defendant's Objections to the requested hourly rate are well-taken. The submission of the Consumer Price Index, standing alone, is insufficient to satisfy the burden of proving that the higher hourly rate requested by counsel is justified. Additional proof, that the "requested rates are in line with those prevailing in the community for similar services offered by lawyers of reasonably comparable skill, experience, and reputation," is required. *Bryant*, 578 F.3d at 450. Plaintiff has submitted none. Plaintiff's attorney fees shall therefore be limited to the statutory cap of $125.00 per hour. For 18 hours of work, this results in an award of attorney fees of $2,250.00.

### III.    Conclusion

For the reasons stated above, the Court ADOPTS IN PART AND REJECTS IN PART the United States Magistrate Judge's January 31, 2012, Report and

Recommendations (Doc. #18), and SUSTAINS IN PART AND OVERRULES IN PART Defendant's Objections thereto (Doc. #19).

Plaintiff's Motion for Attorney Fees Under the EAJA (Doc. #15) is SUSTAINED IN PART AND OVERRULED IN PART. Because Defendant's position was not substantially justified, Plaintiff is entitled to attorney fees under the EAJA. However, because Plaintiff's counsel has failed to prove that she is entitled to an hourly rate in excess of the statutory cap of $125.00, the attorney fee award is limited to $2,250.00.

Date: March 14, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

9